# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 31, 2014

## IN RE: CHRISTIAN G.

**Direct Appeal from the Juvenile Court for Shelby County**
**No. U0077      Dan H. Michael, Special Judge**

_____

**No. W2013-02269-COA-R3-JV - Filed August 11, 2014**

_____

Father appeals the Juvenile Court's ruling with regard to custody of his minor child. Because the court did not comply with Rule 52.01 of the Tennessee Rules of Civil Procedure, we vacate its judgment and remand the matter for entry of an order with appropriate findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Warren Patrick Campbell, Memphis, Tennessee, for the appellant, Courtney D.G.

Terrell Lee Tooten, Memphis, Tennessee, for the appellee, Antoinette N.Y.

## MEMORANDUM OPINION[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

Appellant Courtney D.G. ("Father") and Appellee Antoinette N.Y. ("Mother") have one child together, Christian A.G. ("Christian" or "the child"). The parties were never

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

married to each other and their romantic relationship ended shortly after Christian's birth. During his early life, Christian lived primarily with Father due to concerns about the safety of the area where Mother lived at the time. At first, the parties worked cordially to share parenting time with Christian; however as time progressed, Mother grew increasingly frustrated that she was not able to spend more time with him. At times, Mother felt as though Father was intentionally denying parenting time by planning activities for Christian during her scheduled time with him. Over time, relations between the parties deteriorated, and court intervention became inevitable.

In August 2012, Father filed a petition in the Shelby County Juvenile Court seeking custody of the child. Father claimed that Christian had resided with him since 2010 and that Mother had failed to provide for him during that time. After a hearing on November 28, 2012, the court awarded joint custody of Christian to Mother and Father, and named Father the primary custodian. Mother timely filed a petition to rehear the matter, which the court granted.

On June 27, 2013, the juvenile court held a second hearing before special judge Dan Michael. In addition to hearing from both parents, the court heard testimony from Christian's kindergarten teacher, his maternal grandmother, Father's life partner, and one of Mother's close friends. After hearing the testimony from both sides, the court was satisfied that both parents were trying their best to be good parents to Christian. In September 2013, the juvenile court entered another order awarding joint custody to Mother and Father, however this time the court named Mother the primary custodian. Father appealed the court's order.

## II. ISSUES PRESENTED

Father raises the following issues on appeal, as we have restated them:

1.      Whether the juvenile court erred by failing to make specific findings of fact?

2.      Whether the juvenile court's ruling is supported by the weight of the evidence?

## III. DISCUSSION

At the outset, we note that the juvenile court did not make findings of fact in its September 2013 order awarding joint custody to the parents and naming Mother the primary residential parent. The court did not supply any basis for its judgment in the order. The court

did not incorporate its oral ruling into its written order. It is well-settled that the trial court speaks through its orders, not through its statements contained in the transcripts. *Alexander v. J.B. Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011) (citations omitted). After reviewing the record, we conclude that the juvenile court's failure to make specific findings of fact necessitates remand for the entry of an order that complies with Rule 52.01 of the Tennessee Rules of Civil Procedure.

This case was initiated in the Juvenile Court of Shelby County to determine custody. Rule 1(b) of the Rules of Juvenile Court provides that:

> The Tennessee Rules of Civil Procedure shall govern all cases involving the termination of parental rights, paternity cases, guardianship and mental health commitment cases involving children, and child custody proceedings under T.C.A. §§ 36-6-101, et seq., 36-6-201, et seq., and 37-1-104(a)(2) and (f)....

Tenn. R. Juv. P. 1(b). Thus, although this hearing took place in the juvenile court, because this is a custody action, the Tennessee Rules of Civil Procedure apply. Effective July 2009, Rule 52.01 of the Tennessee Rules of Civil Procedure was amended to require trial courts to make specific findings of fact and conclusions of law in all bench trials, regardless of whether the parties request it. *See* Tenn. R. Civ. P. 52.01; *Poole v. Union Planters Bank, N.A.*, 337 S.W.3d 771, 791 n.12 (Tenn. Ct. App. 2010) (noting the amendment). As amended, Rule 52.01 of the Tennessee Rules of Civil Procedure provides in part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Tenn. R. Civ. P. 52.01. In the absence of written findings of fact and conclusions of law, "this [C]ourt is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009) (citations omitted). In such cases, we may be unable to review the trial court's decision effectively, and generally will vacate the judgment and remand the matter to the trial court. *Turner v. Gaviria*, No. W2013-01944-COA-R3-CV, 2014 WL 426663, at *2 (Tenn. Ct. App. Feb. 3, 2014) (citations omitted).

In the current case, we are not able to determine the basis for the juvenile court's judgment. With regard to the court's decision, the September 2013 order states:

The Court, having examined the witnesses, upon proof entered on the record and having considered the evidence, and being sufficiently advised, hereby orders the following:

1.    That joint custody be awarded to both Antoinette Yates and Courtney Griffin, with Antoinette Yates being awarded primary physical custody.
2.    That as of July 5, 2013, Courtney Griffin is to receive standard visitation.
3.    That costs of this matter is to be paid by the petitioner.

Nothing in the order provides a basis for the juvenile court's judgment as required by Rule 52.01. It appears that the court did make some oral findings during the July 2013 hearing, however it did not incorporate any part of the oral statements by reference in the written order. As noted above, we do not review the trial court's oral statements unless they are incorporated in a decree. *Cunningham v. Cunningham*, No. W2006-02685-COA-R3-CV, 2008 WL 2521425, at *5 (Tenn. Ct. App. June 25, 2008) (citations omitted). Moreover, the hearing transcript provided on appeal ends abruptly in the middle of the judge's statement of his findings.[2] Thus, even if we were willing to consider the court's oral findings, we would not be able to do so. Because we are unable to determine the basis for the juvenile court's judgment, we are unable to review the matter and accordingly vacate the judgment and remand this matter to the juvenile court.

### IV. HOLDING

Based on the foregoing, the judgment of the juvenile court is vacated. This matter is remanded to the trial court for written findings of fact and conclusions of law. Costs of this appeal are taxed one-half to the Appellant, Courtney D.G., and one-half to the Appellee, Antoinette N.Y., for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]The June 27, 2013 hearing transcript ends as such:

COURT:    All in all, I think you both tried really hard to be very, very good parents for this child. Now –
                    (RECORDING ENDS.)

-4-